WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurinderdeep Singh,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>　　　　　　Respondents. | No.  CV-26-01686-PHX-DWL (DMF)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE:**

This matter is on referral to the undersigned for further proceedings and a report and recommendation pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure (Doc. 5 at 2).[1]

## I.    BACKGROUND, PROCEDURAL POSTURE, AND HABEAS CLAIMS

Through counsel, Petitioner Gurinderdeep Singh ("Petitioner" and/or "Singh") initiated these proceedings by filing a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Doc. 1).  The Court's March 13, 2026, Order observed and ordered:

> Petitioner states he is a citizen of India who entered the United States on April 9, 2024, and was not admitted or paroled after inspection. The same

---

[1] Citation to the record as "Doc." indicates documents as displayed in the official Court electronic document filing system maintained by the District of Arizona under Case No. CV-26-01686-PHX-DWL (DMF).

day, he was provided a notice to appear and charged as removable.[2] On August 1, 2024, Petitioner filed an application for asylum, withholding of removal, and for relief under the Convention Against Torture. His immigration case remains pending.

Petitioner requested a bond hearing on December 18, 2025. The Immigration Judge issued an order finding that the court did not have jurisdiction over the bond request. Petitioner has no criminal history and remains in custody.

Petitioner claims he is being held in violation of his Fifth Amendment rights to procedural and substantive due process because he is being wrongfully detained pursuant to 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. Petitioner seeks immediate release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226.

The Court will require Respondents to answer the Petition.

(Doc. 5 at 1-2). Respondents answered the Petition ("Answer") (Doc. 9); Petitioner replied ("Reply") (Doc. 10). After the completion of briefing on the Petition, Petitioner filed a Notice of Supplemental Authority (Doc. 11).

The parties agree that Petitioner is a native and citizen of India who crossed the border without inspection (Doc. 1 at 5; Doc. 9 at 1). Specifically, Petitioner represents that he entered the United States on April 9, 2024, at or near Tecate (or Tijuana), California and was not admitted or paroled after inspection (Doc. 1 at 5; Doc. 2 at 65). Petitioner was issued a Notice to Appear (attached as Exhibit 5 in support of the Petition) charging Petitioner as removable under Section 212(a)(6)(A)(i)[3] of the Immigration and Nationality Act as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" (Doc. 1 at 6; Doc. 2 at 65). In August 2024, Petitioner applied for asylum withholding of removal, and relief under the Convention Against Torture (Doc. 1 at 6). Petitioner appears not to have been in custody from April 2024 to at least August 2024 (*see*

---

[2] Although Petitioner does not specify, it appears he was detained upon entry into the United States.

[3] Section 212(a)(6)(A)(i) of the Immigration and Nationality Act is codified at 8 U.S.C. § 1182(a)(6)(A)(i).

Doc. 2 at 72 (reflecting that Petitioner was not detained at that time)).  At some time thereafter, Petitioner was taken back into immigration custody resulting in his present immigration detention. In December 2025 an Immigration Judge denied Petitioner's request for a bond hearing (Doc. 1 at 6).  Based on the publicly available ICE Online Detainee Locator System, Petitioner appears to have been transferred from the Florence Service Processing Center and currently is in immigration detention at the Florence Correctional Center[4]; Petitioner's immigration proceedings are ongoing (*Id.*).

Petitioner further represents that "on or about April 9, 2024, [Petitioner] was processed by immigration authorities at that time, and was thereafter released before being re-detained during removal proceedings" (Doc. 10 at 2).  Petitioner notes that the Notice to Appear identified Petitioner as "an alien present in the United States who has not been admitted or paroled" rather than as "an arriving alien" (Doc. 1 at 6; *see also* Doc. 2 at 65). Indeed, Respondents' arguments in their Answer appear to be based on a factual scenario where an alien is detained after being present in the United States for some period of time (Doc. 9 at 2-7 (relying on *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), for the proposition that "unadmitted applicants for admission apprehended within the United States are seeking admission and are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and acknowledging that "Petitioner appears to be a member of the Bond Eligible Class" defined in *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025)).  Although neither party specifies when Petitioner's present detention began, the Court infers based upon the record and the parties' representations that Petitioner was re-detained after being present in the United States for some time.

In his Petition, Petitioner asserts that his detention violates his Fifth Amendment rights to procedural and substantive due process because he is not subject to detention under to 8 U.S.C. § 1225(b)(2) (Doc. 1 at 7-12).  Petitioner reasons that, as an alien present in the United States, Petitioner's detention is governed by 8 U.S.C. § 1226 and in turn

---

[4] *See* https://locator.ice.gov/odls/#/search (last accessed Apr. 21, 2026).

Petitioner is entitled to a bond hearing (*Id.*).  For relief, Petitioner asks the Court to order Petitioner's immediate release from immigration custody or, in the alternative, order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226 (*Id.* at 12).

In Respondents' Answer, Respondents argue that Petitioner's detention is lawful because Petitioner is subject to mandatory detention under 8 U.S.C. § 1225 despite that Petitioner was re-detained after being present in the United States for some time (Doc. 9 at 2-4).  Respondents cite *Buenrostro-Mendez*, 166 F.4th 494, and *Chavez v. Noem*, No. 26-CV-00323-PHX-MTL, 2026 WL 381618 (D. Ariz. Feb. 9, 2026), in support of their position that § 1225 applies to aliens present in the United States (Doc. 9 at 4).  Nevertheless, Respondents acknowledge:

> that the majority of district courts, including this one, have rejected their position. *See, e.g.*, *Echevarria v. Bondi*, No. 2:25-cv-03252-PHX-DWL, 2025 WL 2821282 (D. Ariz. Oct. 3, 2025); *Barco Mercado v. Francis*, No. 25-cv-6582 --- F. Supp. 3d ----, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (listing 350 decisions that found for the habeas petitioner).

(Doc. 9 at 4).  Respondents recognize that Petitioner appears to be a member of the *Bautista* class, but Respondents argue that *Bautista* is a legal nullity outside the Central District of California (*Id.* at 4-7).  Respondents oppose the relief requested in the Petition but "request that any order granting Petitioner relief direct the Respondents to provide a bond redetermination hearing within fourteen (14) days or release Petitioner from custody under the same conditions that existed before detention" (*Id.* at 7).[5]  Respondents did not attach any supporting documentation to the Answer.

---

[5] Respondents also argue that "[o]nly Warden Luis Rosa Jr. is a proper respondent" and request the Court to "dismiss all Respondents other than Warden Luis Rosa Jr." (Doc. 9 at 1-2).  "[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The Ninth Circuit Court of Appeals has "affirm[ed] the application of the immediate custodian and district of confinement rules to core habeas petitions filed pursuant to 28 U.S.C. § 2241, including those filed by immigrant detainees." *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).  Although *Doe* and *Padilla* set forth the rule that a habeas petitioner must name the warden of the facility where they are detained, the decisions did not preclude naming more than one Respondent as long as the immediate custodian is named.  Because Petitioner named his immediate custodian as a Respondent, the dismissal of the remaining Respondents is not recommended.

- 4 -

In his Reply, Petitioner concedes that *Bautista* does not control but maintains that it supports the proposition that detention of aliens present in the United States must be supported by individualized process (Doc. 10 at 4-5). Petitioner also argues that any authority under § 1225 as discussed in *Buenrostro-Mendez* is not dispositive of Petitioner's underlying Fifth Amendment claim (*Id.* at 2-5). Finally, Petitioner contends that immediate release of Petitioner is appropriate relief because a bond hearing cannot cure the constitutionally insufficient process (*Id.* at 5-7).

After the Petition was fully briefed, Petitioner filed a notice of supplemental authority attaching several cases from the District of Colorado finding that a bond hearing and/or release are adequate remedies to unlawful immigration detention (Doc. 11).

## II.    DISCUSSION

### A.    Jurisdiction

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Generally, "challenges to the statutory framework that permits the alien's detention without bail," *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018), "questions of law" raised in the application or interpretation of detention statutes, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), and "[c]laims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of § 2241." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (quoting *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

Thus, this Court has jurisdiction over the Petition.

### B.    Petitioner is Entitled to a Bond Hearing Under 8 U.S.C. § 1226(a)

Four statutes grant the Government authority to detain certain aliens during removal proceedings: 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). *Avilez v. Garland*, 69 F.4th 525, 529 (9th Cir. 2023). An alien's place "within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process

- 5 -

available to him if he wishes to contest the necessity of his detention." *Id.* (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008)). Sections 1225(b) and 1226(a) are at issue in this action.

Generally, the Government's decision regarding who may enter the United States and who may stay here after entering "begins at the Nation's borders and ports of entry," and is governed by § 1225. *Jennings*, 583 U.S. at 287. Under § 1225, "an alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" *Id.* (quoting 8 U.S.C. § 1225(a)(1)). Sections 1225(b)(1) and 1225(b)(2) authorize detention of applicants for admission through expedited removal proceedings or through regular removal proceedings. *Id.* at 287-88.

On the other hand, "[s]ection 1226 generally governs the process of arresting and detaining" aliens present in the United States if the alien falls "within one or more . . . classes of deportable aliens." *Id.* at 288 (quoting 8 U.S.C. § 1227). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting 8 U.S.C. § 1226(a)). "Except as provided in [§ 1226(c)] and pending such decision, the Attorney General . . . may release the alien on . . . bond . . . or conditional parole[.]"[6] 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (quoting 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)). At the bond hearing an immigration judge considers whether the alien is a flight risk or danger to the community. *Avilez*, 69 F.4th at 530; *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." (citations omitted)).

Petitioner and Respondents disagree as to whether § 1225 or § 1226 applies to the

---

[6] Section 1226(c), which applies to the "[d]etention of criminal aliens," is not implicated in this action because Respondents do not allege, much less demonstrate, that Petitioner has been convicted of an enumerated crime.

detention of Petitioner. Petitioner contends that § 1226 applies to aliens such as himself who were apprehended within the United States. Respondents oppose, arguing that Petitioner is an "applicant for admission" under the text of § 1225 and subject to mandatory detention under § 1225(b)(2).

Respondents' logic regarding the applicability of § 1225(b)(2)(A) does not square with the order of events here. As set forth above, *supra* Section I, Petitioner entered the United States without inspection, Petitioner thereafter encountered ICE and was issued a Notice to Appear charging him as removable as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," Petitioner appears to have been released pending his immigration court proceedings and sometime later placed in his present immigration detention. In short, the sequence of events based upon the record before the Court and the parties' representations comport with the default process as set forth in § 1226. Only now in these habeas proceedings do Respondents attempt to recast their detention authority as being pursuant to § 1225. Further, the Court finds the reasoning in *Echevarria* persuasive and adopts such, rejecting Respondent's contention that § 1225 governs Petitioner's immigration detention. Thus, Petitioner should be afforded a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a).

Based on the foregoing, Petitioner's other arguments are moot. Additionally, the Court rejects Petitioner's assertion that immediate release is the appropriate remedy here (*see* Doc. 10 at 5-8; Doc. 11 at 2). Section 1226 requires only consideration of release on bond and a bond redetermination hearing is sufficient. *See* 8 U.S.C. § 1226(a).

## III.    CONCLUSION

As discussed above, the statute governing Petitioner's detention is 8 U.S.C. § 1226(a) and thus Petitioner is entitled to a bond hearing. The Court will recommend that the Petition be granted and will recommend that Respondents be ordered to hold a bond hearing or in the alternative release Petitioner.

Accordingly,

- 7 -

**IT IS RECOMMENDED** that the Petition (Doc. 1) be granted to the extent that Petitioner be provided a bond redetermination hearing.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to provide Petitioner a bond redetermination hearing within ten (10) business days of the entry of judgment; absent a timely bond redetermination hearing, Respondents should be ordered to release Petitioner from ICE custody under the same conditions that existed before Petitioner's present immigration detention.

**IT IS FURTHER RECOMMENDED** that Respondents be ordered to file a notice of compliance within three (3) days of providing Petitioner a bond redetermination hearing or releasing Petitioner.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties shall have fourteen days within which to file responses to any objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72. In addition, LRCiv 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated this 23rd day of April, 2026.

_____
Honorable Deborah M. Fine
United States Magistrate Judge