# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gurinderdeep Singh, | No. CV-26-01686-PHX-DWL |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Pending before the Court are Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and the Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc. 12). The R&R, which was issued on April 23, 2026, recommends that "the Petition (Doc. 1) be granted to the extent that Petitioner be provided a bond redetermination hearing." (Doc. 12 at 8.) The R&R further provides that "[t]he parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (*Id.*)

Here, no such objections have been filed and the 14-day deadline has expired. Thus, the Court adopts the R&R in significant part. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."). *See also United States v. Reyna-Tapia*, 328

F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").  The only modest change is that the Court will order that the bond hearing occur within 7 days of the issuance of this order, rather than the longer period contemplated in the R&R, to align with how the Court has resolved similar cases in recent months.

Accordingly,

**IT IS ORDERED** that:

1.      The R&R's recommended disposition (Doc. 12) is **accepted in part**.

2.      The Petition (Doc. 1) is **granted** to the extent that Petitioner be provided a bond redetermination hearing.

3.      Respondents shall provide Petitioner a bond redetermination hearing within 7 days of the entry of judgment; absent a timely bond redetermination hearing, Respondents shall release Petitioner from ICE custody under the same conditions that existed before Petitioner's present immigration detention.

4.      Respondents shall file a notice of compliance within three (3) days of providing Petitioner a bond redetermination hearing or releasing Petitioner.

5.      The Clerk shall enter judgment accordingly and terminate this action.

Dated this 12th day of May, 2026.

_____
Dominic W. Lanza
United States District Judge

- 2 -